UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KIMBERLY FOGLIA, | : | CIVIL ACTION NO. 07-1214 (MLC) |
|  | : |  |
| Plaintiff, | : | **MEMORANDUM OPINION** |
|  | : |  |
| v. | : |  |
|  | : |  |
| OXFORD-BIOSIGNALS, INC., | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**THE DEFENDANTS MOVING** to dismiss the complaint for lack of personal jurisdiction, or in the alternative to transfer this action to the United States District Court for the Southern District of Indiana under 28 U.S.C. § ("Section") 1404 (dkt. entry no. 9); and the plaintiff, a citizen of New Jersey (Compl., at ¶ 1), seeking to recover damages for breach of an employment contract ("Employment Contract") against the defendants (1) Oxford BioSignals(US) Inc. ("OBS"), her former employer and a Delaware corporation with its principal place of business in Carmel, Indiana (Compl., at ¶ 3; Rmv. Not., at 2), (2) Lionel Tarassenko, founder and director of OBS, and a citizen of the United Kingdom (id.), and (3) Frank Cheng, president and general manager of OBS, and a citizen of Indiana (id.) (collectively "defendants");[1] and the plaintiff opposing the motion (dkt. entry

---

[1]     The correct name of Foglia's former employer is Oxford BioSignals(US) Inc., and not Oxford-BioSignals, Inc., as identified in the complaint.  (Def. Br., at 1 n.1.)

nos. 10-12); and the Court assuming arguendo that New Jersey is a proper venue under Sections 1391 and 1406; and the Court being vested with broad discretion to consider a transfer of venue to a district where the action might have been more properly brought under Section 1404, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and the Court, under Federal Rule of Civil Procedure 78, deciding the motion without oral hearing and on the papers; and

IT APPEARING that this action would have been more properly brought in the United States District Court for the Southern District of Indiana, where (1) Foglia was employed, and therefore where most of the events supporting Foglia's claims arose (Compl., at 2-8; Defs. Br., at 21-22), see Lomanno v. Black, 285 F.Supp.2d 637, 638 (E.D. Pa. 2003) (granting motion to transfer to employer's home state of Virginia, even though employee had Pennsylvania office, as plaintiff engaged in conduct at issue in Virginia); (2) there is a greater local interest in deciding this controversy involving employment discrimination claims, see Rodriquez v. Senoral Corp., No. 06-2874, 2006 WL 3454861, at *5 (D.N.J. Nov. 27, 2006) (holding "[r]esolution of . . . employment discrimination and sexual harassment claims particularly would be most meaningful and salutary in the community in which these unlawful acts were allegedly perpetrated, in which the alleged perpetrator maintains a workforce and in which the alleged victim

was employed and resides"); (3) most of the individuals with
information or knowledge that would substantiate or refute
Foglia's claims live or work (Def. Br., at 23-24; Pl. Br., at 21-
22 (only identifying five witnesses located in the District of
New Jersey, of which two were involved in the hiring process and
not the termination, and the other three only relevant to issue
of Foglia's medical damages)), and the Court noting the venue
where a plaintiff is receiving medical treatment for the injury
at issue does not control, <u>Rahwar v. Nootz</u>, No. 94-02674, 1994
WL 723040, at *2 (D.N.J. Dec. 27, 1994) (rejecting plaintiff's
argument that action should be in home venue as medical treatment
ongoing there); and (4) OBS's records related to Foglia's
employment are located, <u>see</u> <u>Jumara</u>, 55 F.3d at 879;[2] and

**IT APPEARING** the action should also be transferred because
Foglia alleges claims arising under Indiana's statutory and
common law, including employment discrimination, whistle-blower
laws, retaliatory discharge and wrongful termination, the assured
permanency exception to the employment-at-will doctrine, breach
of contract, promissory estoppel, breach of the implied covenant
of good faith and fair dealing, and intentional infliction of
emotional distress (Compl., at 9-18); and the Court noting that
none of Foglia's claims arise under federal or New Jersey law;

---

[2]   The Court notes that convenience of counsel is not a
consideration as to the issue of proper venue. <u>Solomon v. Cont'l
Am. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3d Cir. 1973).

and the Court further noting the "interests of justice are best
served by having a case decided by the federal court in the state
whose laws govern the interests at stake," Rodriquez, 2006 WL
3454861, at *6 (cites omitted), see Hoffer v. InfoSpace.com,
Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000) (holding that transfer
to Western District of Washington warranted where majority, if
not all, claims arose under Washington law); and

IT APPEARING the "choice of forum by a plaintiff is simply a
preference; it is not a right," Hoffer, 102 F.Supp.2d at 573; and
the Court noting although Foglia chose to bring this action in
New Jersey, her choice of forum is entitled to less deference
because a substantial part of the events and operative facts in
this section did not occur in New Jersey, Sun Chem. Corp. v.
Markem Corp., No. 05-2564, 2006 U.S. Dist. LEXIS 3469, at *6
(D.N.J. Jan. 30, 2006), LG Elecs. v. 1st Int'l Computer, Inc.,
138 F.Supp.2d 574, 590 (D.N.J. 1991) (noting "[w]hen the central
facts of the lawsuit occur outside the forum state, plaintiff's
selection of that forum is entitled to less deference"); and the
Court therefore concluding that Foglia's preference for
maintaining this action in the District of New Jersey does not
weigh heavily against transfer; and

IT APPEARING the Employment Contract lacks a clause
selecting either a forum or the law to be applied for any
litigation resulting therefrom (dkt. entry no. 9, Ex. B); but it

4

appearing — as this action involves a New Jersey citizen employed by defendants in Indiana — (1) the defendants could reasonably expect to appear in an Indiana court, and (2) Indiana has a greater interest here than New Jersey; and

**THE COURT** therefore intending to grant the part of the motion concerning transfer, as the Indiana factors discussed herein outweigh the New Jersey factors, and defendants have met their burden of showing that the Southern District of Indiana is a more appropriate forum than the District of New Jersey, see Jumara, 55 F.3d at 879; and for good cause appearing, the Court will issue an appropriate order.[3]

```
                                    s/ Mary L. Cooper
```
**MARY L. COOPER**
United States District Judge

---

[3]     The Court will deny without prejudice the part of defendants' motion seeking to dismiss the complaint for lack of personal jurisdiction.

5